# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.   **5:21-cv-02095-WLH (DTBx)**                                Date: **October 15, 2025**

Title: **Rebecca Carey, et al. v. J.A.K.'s Puppies, Inc. et al.**

================================================================

## DOCKET ENTRY

================================================================

PRESENT:

**HON. DAVID T. BRISTOW, MAGISTRATE JUDGE**

| Rachel Maurice | RS – CS – 4 |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:             ATTORNEYS PRESENT FOR DEFENDANTS:

Claire E. Tonry                                                          Andrew G. Prout
Daniel H. Waltz                                                         Miguel Angel Avila
Morgan Mishelle Boutilier                                        Joseph M. Aliberti
                                                                                  Tory E. Griffin

## PROCEEDINGS: SETTLEMENT CONFERENCE

The matter was called, and counsel stated their appearances on the record. Claire E. Tonry, Esq. of Smith and Lowney, PLLC, and Daniel H. Waltz, Esq. and Morgan Mishelle Boutilier, Esq. both of Animal Legal Defense Fund, all appeared on behalf of Plaintiffs Rebecca Carey and Cody Latzer, who were also present. Andrew G. Prout, Esq. of Ross Wolcott Teinert and Prout, LLP appeared on behalf of Defendants J.A.K.'s Puppies, Inc., Jolyn Noethe, and Kimberly Dolphin, who were also present. Miguel Angel Avila, Esq. of Sanger, Hanley, Sanger and Avila, LLP appeared on behalf of Defendants Russell Kirk, Rescue Pets Iowa Corp. and TBHF, LLC who were also present. Joseph M. Aliberti, Esq. of Law Offices of Joseph Aliberti appeared on behalf of Defendants Pet Connect Rescue, Inc., Ray Rothman, and Alysia Rothman who were also present. Tory E. Griffin, Esq. of Reynolds Tilbury Woodward, LLP appeared on behalf of Defendants Micada, Inc. dba Animal Kingdom Pet Shop and Adam Tipton, who were also present.

The Court met collectively and separately with counsel during the settlement conference over the course of the day. Although significant progress was made, the parties were unable to agree on terms of settlement. The Court offered to hold a

second settlement conference with counsel at a future date if the parties believed it would be productive. The Court also indicated that if a second settlement conference was held, the parties would be excused from attending in person. Should counsel desire to arrange a second settlement session they are instructed to contact the Courtroom Deputy at DTB_Chambers@cacd.uscourts.gov.

**IT IS SO ORDERED**.